[Cite as *State ex rel. Broc N. Root v. Indus. Comm.*, 2017-Ohio-512.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Broc N. Root, | : | |
| Relator, | : | |
| v. | : | No. 15AP-1124 |
| Industrial Commission of Ohio and | : | (REGULAR CALENDAR) |
| RS Resources, Inc., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on February 14, 2017

**On brief:** *Nager, Romaine & Schneiberg Co., LPA, Jennifer L. Lawther* and *C. Bradley Howenstein,* for relator.

**On brief:** *Michael DeWine,* Attorney General, and *Eric J. Tarbox,* for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

TYACK, P.J.

{¶ 1} Broc N. Root filed this action in mandamus, seeking a writ to compel the Industrial Commission of Ohio ("commission") to grant him an award for total loss of the use of his left hand.

{¶ 2} In accord with Loc.R. 13(M) of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision, appended hereto, which contains detailed findings of fact and conclusions of

law.  The magistrate's decision includes a recommendation that we deny the request for a writ.

{¶ 3}  Counsel for Root has filed objections to the magistrate's decision.  Counsel for the commission has filed a memorandum in response.  The case is now before the court for a full, independent review.

{¶ 4}  On March 19, 2012, Root's left hand got caught in a break press.  His left little finger was amputated at the distal phalanx.  His left middle finger and left ring finger were partially amputated.  His workers' compensation claim has been recognized for:

> Amputation distal left fifth finger; partial amputation middle phalanx left fourth finger; partial amputation middle phalanx left third finger; open fracture middle phalanx left fourth finger; open fracture middle phalanx left third finger; open wound left third finger with tendon; open wound left fourth finger with tendon; digital nerve injury left third finger; digital nerve injury left fourth finger.

{¶ 5}  Counsel for Root filed a motion seeking an award for total loss of use of Root's left hand.  The award was initially allowed by a district hearing officer.  The award was overturned by a staff hearing officer following an appeal by Root's employer.  The commission refused a further appeal, leading to this action in mandamus.

{¶ 6}  Our magistrate's decision recommends affirming the findings of the commission.  Counsel for Root asserts three arguments in objecting to the magistrate's decision:

> 1. The Magistrate erred in finding that the commission performed the required legal analysis under R.C. 4123.57(B).
>
> 2. The Magistrate erred in finding that the commission's order is compliant with *Mitchell* and *Noll.*
>
> 3. The Magistrate erred in finding that the evidence relied upon by the commission does not constitute an abuse of discretion.

{¶ 7}  R.C. 4123.57(B) reads:

> Where two or more fingers have been amputated and the nature of the employee's work is such that the handicap or disability is greater than from the two fingers alone, the administrator can increase of the loss of use award beyond

that for the fingers alone up to an award equal to the loss of the entire hand.

{¶ 8} We note initially that none of Root's fingers were fully amputated. Parts of three of Root's fingers were partially amputated. The index fingers and the thumb on the left hand were not amputated, even in part. Medical evidence in the file indicates that the thumb and index fingers retain feeling and retain the ability to exert pressure, allowing items to be picked up by those digits.

{¶ 9} One of the medical reports indicates that Root experiences pain any time he uses his left hand. The report indicates that Root has suffered injury to some nerves and tendons in the left hand. Counsel for Root asserts that the partial loss of three fingers coupled with the nerve and tendon injury and further coupled with pain when the left hand is used combines to make it impossible for Root to return to his former job as a machine operator. Counsel then asserts that Root is entitled to a greater award, namely an award for the loss of use of the entire left hand.

{¶ 10} We note that R.C. 4123.57(B) does not impose a duty on the administrators and hearing officers to grant an additional award up to an award for the use of the entire hand in circumstances such as Root's circumstances. Thus, it is open to serious questions whether or not we, as a court, can grant a writ of mandamus based upon R.C. 4123.57(B) alone. Writs of mandamus are to compel a clear legal duty or to compel compliance with a clear legal right. R.C. 4123.57(B) enables an additional award but does not compel it. The use of the word *can* is important.

{¶ 11} Root clearly retains a great deal of functional use of his left hand, as set forth above and as set forth in the magistrate's decision.

{¶ 12} We do not find fault with the detailed order of the staff hearing officer denying a greater award. We also find no fault with our magistrate's analysis of the medical and legal situation. We, therefore, overrule the objections to the magistrate's decision. We adopt the findings of fact and conclusions of law in the magistrate's decision and deny the request for a writ of mandamus.

*Objections overruled; writ denied.*

BROWN and DORRIAN, JJ., concur.

———————

## A P P E N D I X

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Broc N. Root, | : | |
| Relator, | : | |
| v. | : | No. 15AP-1124 |
| Industrial Commission of Ohio and | : | (REGULAR CALENDAR) |
| RS Resources, Inc., | : | |
| Respondents. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on September 26, 2016

*Nager, Romaine & Schneiberg Co., LPA, Jerald A. Schneiberg* and *C. Bradley Howenstein,* for relator.

*Michael DeWine,* Attorney General, and *Eric J. Tarbox,* for respondent Industrial Commission of Ohio.

### IN MANDAMUS

{¶ 13} Relator, Broc N. Root, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied him an award for total loss of use of his left hand, and ordering the commission to find that he is entitled to that award.

Findings of Fact:

{¶ 14} 1. Relator sustained a work-related injury on March 19, 2012 when his left hand was caught in a break press. The accident amputated his left little finger at the distal

phalanx, and partially amputated his middle and ring fingers. Surgery to reattach his middle and ring fingers was unsuccessful.

{¶ 15} 2. Relator's workers' compensation claim has been allowed for the following conditions:

> Amputation distal left fifth finger; partial amputation middle phalanx left fourth finger; partial amputation middle phalanx left third finger; open fracture middle phalanx left fourth finger; open fracture middle phalanx left third finger; open wound left third finger with tendon; open wound left fourth finger with tendon; digital nerve injury left third finger; digital nerve injury left fourth finger.

{¶ 16} 3. On May 25, 2012, two months after his work-related injury, relator filed a C-86 motion requesting a total loss of use of his left hand. Relator did not submit any specific medical evidence nor any medical reports in support of his motion. The only documentation he included was an Ohio Bureau of Workers' Compensation ("BWC") form C-230, which is an authorization to receive workers' compensation payment.

{¶ 17} 4. An independent medical evaluation was performed by Robert L. Kleinman, M.D. In his June 21, 2012 report, Dr. Kleinman identified the allowed conditions in relator's claim and noted that he is right hand dominant. Thereafter, Dr. Kleinman provided his physical findings upon examination, stating:

> Examination of the left hand reveals amputations of the middle and ring fingers just proximal to the PIP joints and an amputation of the little finger just proximal to the nail through the distal phalanx.
>
> He is noted to have 1-cm atrophy in the left forearm compared to the right, but there are 2+ reflexes in the biceps, triceps and brachioradialis on the left side. There is full and complete range of motion and strength in the thumb and index finger. There is no atrophy of the thenar or hypothenar eminence. There is normal flexion, extension, radial deviation and ulnar deviation of the left wrist when comparing to the right side.
>
> The tips of the middle and ring fingers demonstrate healed incisions on the dorsal surface with some discoloration and swelling. There is tenderness on palpation over these distal tips, however, there is a partial sensory loss on the tips of these fingers. The MP joint passively of these fingers reveals

flexion to 70 degrees in the middle finger and 80 degrees to the ring finger, however, actively he has only 40 degrees of active flexion. The little finger has a complete loss of sensation on the tip of the amputation and passively has full range of motion of the DIP, PIP and MP joints, however actively, he has full extension but limited flexion of all three joints.

{¶ 18} In the discussion portion of his report, Dr. Kleinman stated:

This injured worker has a claim that dates back three months. He had an attempt at a replantation of his middle and ring fingers, but unfortunately, he required amputations through the proximal phalanges. He has had some occupational therapy, however at this point, he is not in occupational therapy.

It is my medical opinion based on a reasonable degree of medical probability that this injured worker's allowed conditions cannot be considered to have reached [maximum medical improvement]. It is my medical opinion that he would benefit from further therapy to maximize the use of his left hand.

{¶ 19} In response to the question whether the allowed injury resulted in a total permanent loss of use his left hand, Dr. Kleinman responded in the negative, further stating:

It is my medical opinion based on a reasonable degree of medical probability that there is insufficient objective medical evidence to support a total loss of use of the left hand.

As noted in the physical examination section, he has a normal range of motion of the left wrist and has a completely normal range of motion and sensation of the thumb and the index finger. These findings by themselves, in my medical opinion, would not support a total loss of use of his left hand. The amputations of the ring and middle fingers would support an 85% loss of use of those fingers, and the amputation through the little finger would support a 20% impairment of the little finger.

It is my medical opinion based on a reasonable degree of medical probability that this request for total lose of use is premature. He clearly has not reached MMI for the allowed

conditions in this claim. It is my medical opinion based on a reasonable degree of medical probability that with time and further therapy, he will have some use of his left hand, although not the normal use of the left hand.

Therefore, based on the physical exam findings of a normal range of motion of the wrist, thumb and index finger and the fact that the allowed conditions in this claim have not reached MMI, it is my medical opinion based on a reasonable degree of medical probability that there is insufficient objective medical evidence to support the request for a total loss of use of the left hand at this time.

{¶ 20} 5. Relator was also examined by Oscar F. Sterle, M.D. In his August 9, 2012 report, Dr. Sterle identified the allowed conditions in relator's claim, discussed the injury and treatment, and provided his physical findings upon examination. As Dr. Kleinman found, Dr. Sterle found that relator had good motor strength of the flexors and extensors of his left little, index fingers, and left thumb.

{¶ 21} When asked to opine whether relator had sustained a total loss of use of his left hand, Dr. Sterle opined that he had not, stating:

Based on the medical history obtained from Mr. Root, the findings on my examination, and review of the medical records, in my medical opinion, in the context of evidence-based medicine, the claimant does not suffer from a total lose of use of the left hand as a result of the March 19, 2012 work injury.

The claimant sustained a loss of more than the middle and distal phalanges of the ring and middle fingers of the left hand, which are considered equal to the loss of the whole fingers. He also sustained loss of the fingernail with amputation of the distal third of the distal phalanx of the small finger.

The loss of two fingers by amputation and the amputation sustained of the little finger are not considered total loss of use of the left hand to the same extent as if the body part had been amputated. The left hand has [a] certain degree of impairment but is functional.

{¶ 22} 6. Relator's application was heard before a district hearing officer ("DHO") on August 13, 2012. The DHO granted the request stating, in total:

It is ordered that the C-86 Motion filed 05/25/2012 is granted to the extent of this order.

This Injured Worker sustained injuries to the fingers on his left hand which resulted in the Bureau of Workers' Compensation paying for total loss of the left fourth and third fingers of his left hand. The Injured Worker received compensation under Ohio Revised Code Section 4123.57(B) for total loss of both fingers.

It is ordered the Injured Worker shall be paid for total loss of the left hand in the amount of 175 weeks. This award shall be offset by previously paid compensation for each of the two fingers referred to above.

This order is based on Ohio Revised Code Section 4123.57.

{¶ 23} The DHO did not cite any medical evidence to support the granting of a total loss of use award.

{¶ 24} 7. The employer appealed and the matter was heard before a staff hearing officer ("SHO") on September 19, 2012. The SHO vacated the prior DHO order and denied relator's request for a total loss of use of his left hand finding that he had presented insufficient evidence to substantiate the award. The SHO relied on the medical reports of Drs. Kleinman and Sterle, stating:

An award for the total loss of the left hand pursuant to Ohio Revised Code 4123.57(B) is denied. The Injured Worker has presented insufficient evidence to substantiate a total loss of use of the left hand.

By order of the Administrator dated 04/13/2012 the Injured Worker was paid total amputation awards for the left middle and ring fingers. The medical evidence in file also substantiates the Injured Worker has suffered an amputation of the distal portion of the left fifth finger. However, the Injured Worker has presented no medical evidence which equates these losses to a total loss of the hand and has presented no vocational evidence which indicates the handicap or disability resulting from the loss of fingers exceeds the normal handicap or disability resulting from the loss of fingers to warrant a total loss of use of the hand.

{¶ 25} In pertinent part Ohio Revised Code 4123.57(B) indicates:

If the claimant has suffered the loss of two or more fingers by amputation or ankyloses and the nature of the claimant's employment in the course of which the claimant was working at the time of the injury or occupational disease is such that the handicap or disability resulting from the loss of fingers, or loss of use of the fingers, exceeds the normal handicap or disability resulting from the loss of fingers, or the loss of use of fingers, the administrator may take that fact into consideration and increase the award of compensation accordingly, but the award made shall not exceed the amount of compensation for loss of a hand.

The 06/21/2012 report of Robert Kleinman, M.D., and the 08/09/2012 report of Oscar Sterle, M.D., both indicate the Injured Worker demonstrated full range of motion of the left wrist on examination. Both physicians also found the Injured Worker to have full range of motion and good strength in the left index finger and thumb. Both Dr. Kleinman and Dr. Sterle indicated the amputations sustained in this claim did not amount to a total loss of use of the left hand.

No vocational evidence has been presented by the Injured Worker. The Injured Worker was previously referred to vocational rehabilitation and was not found to be feasible at that time. No functional capacity evaluation has been performed on the Injured Worker assessing the limitations of the left hand. The Injured Worker has not attempted a return to work in any capacity, has not sought employment, and has had no type of vocational retraining. There has been no assessment of the handicap or disability resulting from the loss of fingers sustained in this claim.

The Injured Worker testified at hearing that he completed occupational therapy in August of 2012. He is still actively participating in physical therapy.

Based on the foregoing, the Staff Hearing Officer finds the Injured Worker has presented insufficient evidence to substantiate a total loss of use of the left hand.

All evidence was reviewed and considered.

{¶ 26} 8. Relator's further appeal was refused by order of the commission mailed October 11, 2012.

{¶ 27} 9. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 28} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 29} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 30} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 31} R.C. 4123.57 pertains to schedule loss of use awards and provides, in pertinent part:

> (B) In cases included in the following schedule the compensation payable per week to the employee is the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code per week and shall be paid in installments according to the following schedule:
>
> * * *
>
> If the claimant has suffered the loss of two or more fingers by amputation or ankylosis and the nature of the claimant's employment in the course of which the claimant was working at the time of the injury or occupational disease is such that the handicap or disability resulting from the loss of fingers, or loss of use of fingers, exceeds the normal handicap or

disability resulting from the loss of fingers, or loss of use of fingers, the administrator may take that fact into consideration and increase the award of compensation accordingly, but the award made shall not exceed the amount of compensation for loss of a hand.

{¶ 32} Relator argues that he presented sufficient evidence for an award under R.C. 4123.57(B) asserting that, having suffered the loss of two or more fingers by amputation, the nature of his employment at the time he was injured is such that the disability resulting from the loss of fingers or loss of use of the fingers exceeds the normal disability resulting from the loss of fingers or loss of use of the fingers.  Relator argues that the commission failed to take this fact into consideration and should have granted him 175 weeks of compensation for total loss of use of his left hand.

{¶ 33} In support of this argument, relator directs the court's attention to the reports of Drs. Kleinman and Sterle, as well as the March 20, 2012 operative report of Thomas J. Reilly, M.D., and the April 4, 2012 operative report of Nina M. Njus, M.D. Those four reports clearly established that relator's little finger on his left hand has been amputated just proximal to the nail through the distal phalanx.  More importantly, these reports indicate that relator's ring and middle fingers have been amputated just proximal to the pip joints.  By definition, the injuries to relator's ring and middle fingers constitutes a total loss of those two fingers.

{¶ 34} While the medical evidence cited by relator clearly establishes that he has sustained the loss of his ring and middle fingers, those reports do not, in and of themselves, establish that this loss of two fingers results in a disability which exceeds the normal disability resulting from such loss.

{¶ 35} Relator argues that the commission abused its discretion by failing to consider the impact of the amputation of two of his fingers on the job he was performing at the time he was injured.  Based on the evidence relator submitted, it is clear that he is a right hand dominant individual and this injury involves his non-dominant, left hand.  It is also clear that relator was working on a break press at the time of his injury.  There is no additional evidence concerning the nature of relator's work.

{¶ 36} Relator argues that the commission abused its discretion by placing an evidentiary burden on him to present vocational evidence or evidence of his functional

capacities before granting the award. Relator argues that his participation in vocational rehabilitation had been terminated based on his unfeasibility for such.

{¶ 37} The burden of proof is always on the injured worker to establish that he or she is entitled to an award of compensation. As such, relator was required not only to present medical evidence that he had sustained the loss of use of two fingers, but also evidence that this loss of two fingers created a disability which exceeds the normal disability to be expected because of the nature of his employment. Having failed to present any evidence of the nature of his employment, relator presented no evidence that his loss of two fingers on his non-dominant hand affected his employment.

{¶ 38} Relator argues that he was terminated from rehabilitation; however, there is no documentation in the record terminating his rehabilitation which this court can review. Although relator argues that he was released from vocational rehabilitation due to his physical injuries, the commission points to two progress notes from Dr. Njus. In the first, dated May 15, 2012, Dr. Njus noted that relator was having nightmares concerning meat slicers. Dr. Njus opined that relator was suffering from post-traumatic stress disorder ("PTSD") and specifically refused to release him to return to work until he received treatment for PTSD. Specifically, Dr. Njus' progress note provides:

> Referral to Job Eval/Voc rehab services as I do not believe he will be able to return to his previous employment place because of posttraumatic stress.
>
> No return to work for three months. I will not release him until the psychologist or psychiatrist taking care of him for posttraumatic stress states that it is okay for him to return to work.

{¶ 39} In her July 5, 2012 progress note, Dr. Njus indicated that, from an orthopedic standpoint, relator should be able to participate in vocational rehabilitation but that, because of PTSD which has not been treated, he should not. Specifically, Dr. Njus stated:

> From an orthopedic standpoint, his hand should be able to participate in Voc Rehab at this point in time. Currently he is not cleared because of posttraumatic stress by his psychologist who he has not seen for two months and has not treated him after making the diagnosis.

> I told Broc that he needs to get back in to see the psychologist and get started into a Voc Rehab Program by getting the psychologist to allow it. At that point we should be able to get him into some sort of additional strengthening if he needs it.
>
> Return for follow up in two months.
>
> No return to work for three months so we can get this squared away and get him into Voc Rehab.

{¶ 40} Contrary to relator's statement that he was precluded from participating in vocational rehabilitation from an orthopedic standpoint, the stipulation of evidence provides otherwise. In fact, Dr. Njus was of the opinion that, from an orthopedic standpoint, relator should be able to participate in vocational rehabilitation.

{¶ 41} As noted in the findings of fact, relator filed his motion for scheduled loss of use on May 25, 2012, two months after the date of his injury. According to the report of Dr. Kleinman who examined him on June 21, 2012, three months after the date of injury, relator's allowed physical conditions had not yet reached maximum medical improvement ("MMI"). R.C. 4123.57 provides compensation for an injured workers' permanent disability. At the time he filed his motion, relator had barely begun to recover. There is no evidence in the record that relator had even begun any physical therapy for his allowed conditions, which is completely separate from any vocational rehabilitation. While relator had clearly suffered a loss of use of his ring and middle fingers, relator failed to present any evidence concerning his ability to use his left hand and how the loss of these two fingers affected his ability to perform the tasks associated with the job he was performing at the time he was injured. Without such evidence, relator failed to meet his burden of proof.

{¶ 42} Relator contends that the commission's order violates the requirements of *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991), arguing that the commission did not explain the reasoning for its decision. As the SHO stated, relator presented insufficient evidence concerning his ability to use his hand and failed to present evidence that would establish how his ability to use his hand impacted his ability to perform his job. The finding that relator failed to present sufficient evidence complies with the

requirements of *Noll.* There simply was no evidence in the record for the commission to consider.

{¶ 43} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion when it denied him a total loss of use award for his left hand, and this court should deny his request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).